# THE ATTORNEY GENERAL
## OF TEXAS
Gerald C. Mann                AUSTIN 11, TEXAS
ATTORNEY GENERAL



Hon. Richard S. Morris        Opinion No. 0-3037
County Attorney                Re:  Validity of maturity schedule
Armstrong County           of bonds voted by the Claude Inde-
Claude, Texas                 pendent School District.

Dear Sir:

        We are in receipt of your letter of January 8, re-
questing our opinion upon the question arising from the follow-
ing state of facts:

        "The Claude Independent School District recent-
    ly voted $14,000 in bonds for certain authorized
    purposes and the petition, order of election and
    notice thereof set forth the following maturity
    schedule of such bonds:  'To become due and payable
    serially $500.00 ten years from their date and $500.-
    00 each year thereafter up to and including the year
    1961 and $100.00 each year thereafter during the
    years 1962 to 1970, both inclusive, ***!'"

        Article 2786, of Vernon's Annotated Civil Statutes,
provides that bonds of independent school districts shall
mature in serial annual installments over a period of not ex-
ceeding forty years from  their date.  This department has
heretofore construed this language of the statute to require
all bonds voted by a school district to mature in serial annual
installments, the first of which installments shall mature with-
in one year from the date of the issuance of such bonds, and
that for each year thereafter up to the final maturity date a
portion of the principal must be retired.  Such has been the
construction and rule of this department since the enactment of
the statute.

        We, therefore, advise that we will be unable to ap-
prove bonds of Claude Independent School District providing a
maturity schedule such as is outlined in your letter.  Further,
we are of the opinion that another election will be necessary
for the reason that the statutes provide that whenever the propo-
sition to issue bonds is to be voted on in any independent school
district, the petition, election order and the notice of election
<u>must distinctly specify</u> the amount of the bonds, the rate of

interest, their maturity dates and the purpose for which the bonds are to be used. And for the Board of Trustees to attempt to issue the bonds on a maturity schedule different from that contained in the petition, election order and notice of election, would, we think, be contrary to law. In other words, the bonds issued by the Board of Trustees would not be in conformity with the bonds authorized by the voters, without whose authority the bonds could not be issued. See Article 2784, Section 4, Vernon's Annotated Civil Statutes.

                              Yours very truly

                              ATTORNEY GENERAL OF TEXAS

                              By /s/ Clarence E. Crowe
                              Clarence E. Crowe, Assistant

APPROVED JAN 22, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

CEC:s:wb